JOSEPH HEMENWAY *v.* ELKANAH SMITH, LEONARD DAVIS AND JACOB ORCUTT.

*Evidence.   Confidential communications between attorney and client.   Recovery of damages for breach of an executory contract under the money counts.*

A party is not obliged, as a witness, to disclose any consultation he may have had with his counsel in relation to the cause. He is equally protected, with his counsel, from testifying respecting confidential communications between them.

Damages sustained by the plaintiff from the non performance, by the defendant, of an executory contract for the purchase of property from him cannot be recovered for under the general money counts.

ASSUMPSIT. The declaration contained three counts, the first being for money had and received by the defendants to the plaintiff's use ; the second for the rent, use, and occupation of the plaintiff's farm, called the Gould farm ; and the third for money lent to, and paid for the defendants. Plea, the general issue; trial by jury, January Term, 1856,—UNDERWOOD, J., presiding.

The plaintiff, to sustain the issue on his part, gave evidence tending to prove that in July, 1847, the administrator on the estate of

Daniel Gould, deceased, deeded to one Jacob Davis a farm known as the Gould farm, in Brookfield, worth about fifteen hundred dollars, subject to the widow's dower; that said farm was deeded to said Davis, at the request of the plaintiff who had bought out all the heirs to said estate but one; that said Davis paid one thousand dollars for said deed, which, upon its face, was absolute and unconditional; but that, in fact, it was only a security for the one thousand dollars; that on the day of the date of said deed, the said Jacob Davis executed to the plaintiff an agreement to sell the said farm to the plaintiff, who was then in possession of it, and so continued until the 27th of March, 1848, when he sold to the defendants the contract so made with Davis, and assigned the same in writing; and at the time of taking said assignment, the defendants paid to the plaintiff the sum of one hundred and thirty-three dollars, and thirty-three cents, in addition to the sum, expressed in said assignment, to be paid at the decease of the widow. The defendants then went into possession of said farm, and occupied the same until about the 1st of April, 1850. They paid the sixty dollars rent to said Jacob Davis for one year, and the twenty-five dollars to the widow for one year, and all the taxes for two years, leaving the rent due April 1st, 1850, and the amount due the widow after April 1st, 1849, unpaid, which last two sums the plaintiff afterwards paid to Davis. About the 1st of April, 1850, the defendants abandoned or gave up said farm, and the plaintiff thereupon made a new contract for the purchase of the same with said Jacob Davis, similar to the first, and has ever since occupied said premises. The said widow died September 8th, 1849.

The plaintiff also showed by the copies of deeds, that on the — day of October, 1853, the said Jacob Davis quit-claimed that part of said farm which lies on the west side of the road to the defendant Orcutt; and on the same day he deeded that part of said farm which lies on the east side of the road to Marshall P. Davis, as agent for the defendants Smith and Davis; but it appeared that the plaintiff had kept the possession and use of said farm without paying rent or interest to any one since the 1st day of April, 1853.

The defendants, to sustain the issue on their part, gave evidence tending to prove that the said deed of said farm by said administrator was an actual, absolute sale, and not in the nature of a mortgage

for the security of one thousand dollars ; that there was no agree-
ment or understanding, expressed or implied, that the plaintiff had
or should have, by reason of said sale of said farm to said Jacob
Davis, any interest in the same, legal or equitable, except what is
contained in the agreement before referred to, which the defend-
ants contended was a mere offer to sell. The testimony further
tended to prove that previous to the 1st day of April, 1850, it was
mutually agreed, by and between the plaintiff and the defendants,
that the defendants might give up said farm and be released from
their obligation to pay said sum of four hundred and sixteen dol-
lars and sixty-seven cents, upon consideration that they should lose
the one hundred and thirty-three dollars and thirty-three cents,
which they paid at the time of taking said assignment of said con-
tract or offer of sale ; and that thereupon the defendants did agree
to lose said one hundred and thirty-three dollars and thirty-three
cents, and did abandon and give up said farm, and have not had
anything to do with it since. The plaintiff gave evidence tending
to prove the contrary and that he did not release the defendants.

The defendant Orcutt, was a witness on the part of the defend-
ants, and gave evidence tending to sustain the issue on their part.
The plaintiff's counsel, upon cross-examination, offered to prove,
by said Orcutt, that he consulted counsel soon after the suit
was commenced, to ascertain whether they had a defense to said
action ; and, among other things, that he inquired of said counsel,
whether they had a right to abandon said contract by its original
terms, without any new agreement; and that, in consulting said
counsel, he did not say or pretend to him that any such agreement
had been made. To its admissibility the defendants objected on
the ground that these were privileged communications.

The court overruled the objection, and the testimony was ad-
mitted, to which the defendants excepted.

The defendants' counsel contended, and so requested the court
to charge the jury, that the testimony did not sustain either count
in the declaration, and that the plaintiff, for that reason, was not
entitled to recover ; that the plaintiff, in any event, was not enti-
tled to recover the sixty dollars rent, due on the 1st day of April,
1850, nor the amount due the widow, after the 1st day of April,
1849 ; and that, at any rate, he was entitled, for the amount due

the widow, only to a proportional part of the twenty-five dollars after the 1st day of April, 1849, she having died on the 8th day of September, 1849.

But the court refused so to charge, but did charge, among other things not excepted to, that if the defendants had failed to convince them that such agreement to abandon the farm and give up the contract and release the defendants had been made, as the defendant claimed, the plaintiff was entitled to recover upon his declaration; that there was no variance between the declaration and proof; that if they found for the plaintiff, they would find for him to recover the said sum of four hundred and sixteen dollars and sixty-seven cents, with interest since the 8th day of September, 1849, the sum of sixty dollars paid to Jacob Davis on the 1st day of January, 1850, with interest since that time, and the sum of twenty-five dollars paid to the widow at the same time, with interest since; and the court furnished the jury the specifications of the plaintiff's claim, upon which they would base and compute their verdict if they found for the plaintiff. The jury, under these instructions, returned a verdict for the plaintiff for the whole amount claimed. Exceptions by the defendants.

The first contract of Jacob Davis with the plaintiff, (which was designated as contract A,) was in the following words, viz.

" This certifies that the farm I bought this day of Sprague Arnold, in Brookfield, known by the name of the Gould farm, I promise to quit-claim the same to Joseph Hemenway in three years from the first day of April, 1847, if the said Hemenway will then pay me one thousand dollars, and pay me sixty dollars yearly, and every year punctually, and pay all the taxes on the farm, and pay the widow twenty-five dollars to her guardian, and clear Davis for the use of her dower, Davis having during her life; then when Hemenway pays all as above stated, when due, and saves Davis harmless from all costs and trouble on account of the farm and business of the same, then when so paid in every particular, in full and at the time, if the said Hemenway has paid as above in full, I am (at his cost) to deed the said Gould farm, and all the same to him, but if said Hemenway does not pay in full, in every particular as above stated, then this offer to sell the farm to him is of no validity, nor no offer but the former remains mine. Hemenway

never to have this agreement unless he has fulfilled as above.
The offer is left with Sprague Arnold, as trustee, never to be put
into Hemenway's hands, nor is he ever to have any benefit or use
of the same, unless he has fulfilled in every particular; this is nev-
er to be used or considered as any consideration, or any way, di-
rectly or indirectly, of the deed S. Arnold gave me of the farm;
only I make the above offer to Hemenway to sell the same to him
if he wishes to buy it. When Hemenway fails in any particular,
as above, then this agreement is null; then S. Arnold, trustee, is
to give the same to Jacob Davis, and then that is the end of the
offer with Hemenway; then he has no claim to the farm, or offer
to let him buy it. Sprague Arnold, trustee, agreed to give this to
Hemenway when he shows that he has punctually paid all as above
stated; but at any failure of performing as above stated, that ends
this offer to sell on first failure; and Arnold, at the first failure, is
to give this offer or paper back to J. Davis, which is to end the
business; all cost or trouble about this offer or business Hemen-
way is to save Davis harmless, the which is made or caused by
this business, or any way by this offer to sell to him. The pro-
portions $43.66 of the sixty dollars, all the taxes except highway,
to be paid in June, and the $ 25.00 to the widow, and all to be set-
tled and paid, and certificates of the same to Arnold by the first
day of April next, and each year on the 1st of April, on the offer,
and is above stated. Hemingway by performing as above stated,
is to have the full use of the farm during the said three years from
the 1st of April, 1847. The above agreement, on my part, to be
binding on me, my heirs, executors, and administrators, and assigns.
   *Randolph*, July 10th, 1847.            ·        JACOB DAVIS."
   The plaintiff's transfer of said contract to the defendants was up-
on the back of the original contract, and in the following words, viz.
   " Know all men by these presents, that I, Joseph Hemenway, of
Randolph, county of Orange, and state of Vermont, have, and by
these presents do assign to Jacob Orcutt and to Elkanah Smith and
Leonard P. Davis, all of Randolph, county of Orange, and state of
Vermont, all the rights and privileges reserved to me on the other
side of this instrument, on condition of the said Orcutt, Smith and
Davis performing the same conditions, in each and every particu-
lar, that I, the said Hemenway, am to; and also that they, the said

46

Orcutt, Smith and Davis, pay to me, the said Hemenway, four hundred and sixteen dollars and eighty-seven cents, at the decease of the widow Betsey Gould. In case that the said Orcutt and Smith and Davis fail to fulfill each and every particular, as stated above, or on the other side of this instrument, then this assignment is to be null and void, as far as they, said Orcutt and Smith and Davis, are concerned. *Brookfield*, 27th March, 1848.

JOSEPH HEMENWAY."

Upon the same paper there was a written assent to the assignment, in the following words:

"Not affecting the within offer, bargain or agreement, in the least, on the other side of this paper, I consent to the above assignment. *Brookfield*, 27th March, 1848. JACOB DAVIS."

*W. Hebard* for the defendants.

1. In this case no money had been received, nor any representative of money, nor any equivalent. To sustain this action, it must appear that the defendants have received *money*, and not merely money's worth. Chitty on Contracts 602; *Beardsley* v. *Root*, 11 Johns. 464; *Cumming* v. *Hockley*, 8 Johns. 156; *Shepard* v. *Palmer*, 1 —— 95, (new series.)

2. The second count is for rent, use and occupation. There is no pretence of any right of recovery under this count, unless the $60 in the specifications would come under that head. But that being but $60, would not justify this verdict.

3. The third count is for money lent and paid for the defendants. As no money has been paid by the plaintiff, either actually or constructively, there can be no sensible pretence for claiming a right to sustain the verdict upon *this count.*

We submit that the action should have been special, setting up the transaction as it was, and thus giving the defendants notice of what they were called upon to meet. It is difficult to suppose a case in which there would be a greater propriety or a greater necessity for so doing than in this case.

4. The court erred in compelling Orcutt to give testimony in relation to communications that he made to his counsel in relation to his defense in this suit. Such communications are privileged. If the *counsel* cannot be *permitted* to disclose them, the *client* can-

not be compelled to do the same thing, for it is the *client* and not the *counsel* that is to be protected. 2 Starkie Ev. 394, also see notes; *Dixon* v. *Parmelee*, 2 Vt. 185; *Durkee* v. *Leland*, 4 Vt. 612. That the witness has ceased to be counsel does not alter the rule; 2 Starkie Ev. 395.

*L. B. Peck* and *P. Perrin* for the plaintiff.

1. The transaction between Davis and the plaintiff constituted a mortgage. The plaintiff had an equity of redemption in the premises. The relation of mortgagor and mortgagee existed between him and the plaintiff. This court so held at the last term in this county.

2. The plaintiff then had an interest in the premises which he might sell and transfer. His interest was assigned to the defendants. Under this assignment they took possession and occupied. This bound them to perform the conditions on which the assignment was made. The only question of fact submitted to the jury was whether the contract had been abandoned by the agreement of the parties. This fact was found against the defendants, and the jury returned a verdict for the plaintiffs. There was no error in the charge on this point.

3. The defendants insisted that the evidence did not tend to support the declaration. This objection was insisted upon as one of variance. The court so understood it, as is evident from the charge. But the evidence did tend to support the declaration. The money paid by the plaintiff to Davis for interest and the widow's rent, was money paid to the defendants' use, as they had agreed to pay it. This amount was clearly recoverable under the count for money paid. The defendants, by accepting the bond and assignment, became liable to perform the stipulations of both. They made and admitted themselves liable for the payment of the money to the plaintiff. May it not be treated like a note, as evidence of money received to the plaintiff's use?

The opinion of the court was delivered by

BENNETT, J. We think Orcutt, though made a witness by the statute, cannot be compelled to disclose any consultation which he may have had with his counsel in relation to the cause.

( The rule should be the same as it would have been if the counsel had been called to prove the consultation. )

We do not see that it is possible for the plaintiff to recover upon his present declaration for the four hundred and sixteen dollars and eighty-seven cents, which, by the terms of the assignment of the contract A, the defendants were to pay the plaintiff upon the decease of Betsey Gould. The consideration for this promise grows out of the assignment of that contract to these defendants by Hemenway. The contract is *executory*, and the plaintiff's claim, in this particular, if he has any, must be for damages for the non-performance of the contract by the defendants, and, by a special action on the contract. Nothing like money, as to this item of claim, has been had and received by the defendants, to the use of the plaintiff; nor lent and advanced by the plaintiff for the defendants. As to the items of sixty dollars and of twenty-five dollars, which the plaintiff paid to Davis, and which the defendants had bound themselves to pay, by the provisions in the assignment of the lease from Hemenway to them, we see no reason why the money counts are not adapted to so much of the plaintiff's claim, if he has one that can be established, and, as the case must, at all events, be opened, we are not disposed to express any opinion on this part of the case. The objection to these items seems to be that the plaintiff was not responsible to Davis for them, he having assented to the assignment. of the lease by Hemenway to the defendants, when the same was made; and that the *annual annuity* to be paid the widow was not *apportionable*.

Judgment reversed and the cause remanded to the county court,