### BIGLER *v.* REYHER.

EVIDENCE.—*Confidential Communications.—Attorney and Client.*—A party, having given evidence in chief in his own behalf, cannot, on cross-examination, be compelled to divulge statements made by him when consulting, as a client, an attorney at law.

SAME.—Communications made in consultation by a client to his attorney are privileged and protected from inquiry, when the client is a witness, as well as when the attorney is a witness.

SAME.—Statements made by a client to his legal adviser are privileged, though no action is at the time pending or contemplated concerning the matter of which such statements are made.

From the Noble Common pleas.

*A. A. Chapin* and *V. C. Mains*, for appellant.

*L. E. Goodwin*, for appellee.

DOWNEY, C. J.—This was an action by the appellee against the appellant for the taking and conversion of goods. The issues are not material. On the trial of the cause, the appellee was a witness in his own behalf, and having given his evidence in chief, he was asked by Vincent C. Mains, Esq., attorney for the defendant, on cross-examination, if he did not immediately, when the goods in question were taken, or shortly afterward on the same day, tell said Vincent C. Mains that he had traded said goods to the defendant for a note; to which question counsel for the plaintiff objected, on the ground that, if any such statement was made, it was made to said Mains as a confidential communication, while

counselling with him as an attorney at law. The plaintiff then testified that he did have a conversation with said Mains, but that when he did so he was consulting him as an attorney as to the validity of said note. It was admitted by the defendant that Mains was at the time a regularly admitted and practising attorney of that court. The defendant still insisted on asking the said question, but the court refused to allow it to be asked or to require the plaintiff to answer the same. The court having found for the plaintiff, the defendant moved the court for a new trial, on the ground that the said ruling of the court was erroneous. This motion was overruled, and final judgment was rendered for the plaintiff. The error assigned in this court is the overruling of the motion for a new trial.

It may be gathered from the arguments of counsel that the appellant contends that when the plaintiff made himself a witness in the cause, he thereby made it proper for the adverse party to inquire of him with reference to any conversation which he might have had, which it would be proper to inquire into on cross-examination, although such conversation would be, under other circumstances, regarded as confidential. It is insisted that by testifying as a witness for himself, he becomes bound to divulge on cross-examination every conversation which he may have had, without regard to its confidential character, or the person to whom it was made, if it was such a conversation as would under other circumstances be the subject of a cross-examination. It is claimed that the exemption never was accorded to the party himself when a witness, but only to his attorney; that while the party might object to the attorney testifying to such communications, the exclusion was applied only to the attorney. Another ground taken is, that the bill of exceptions does not show that the relation of attorney and client existed between the appellee and Mains; that there is nothing shown which would even prevent Mains from testifying to the conversation in question ; that while it appears that the

conversation was with Mains about a note, it does not appear that the statement was made with reference to any legal advice about a suit then pending or expected to be commenced; that it is simply an independent statement of a fact made in the course of conversation.

We think the evidence shows sufficiently that the relation of attorney and client existed between the appellee and Mains. It is not necessary that an action should have been pending or in contemplation, in order to make the communication confidential in its character, and to extend to it the protection of the rule. Counsel are often consulted about matters of great importance out of which it is not expected that any suit will ever arise. Indeed, the advice and assistance of counsel are in many instances invoked for the purpose of more certainly guarding against litigation. It seems to be settled in this State, and indeed generally, that the pendency or expectation of litigation is not essential in order to give the communication its confidential character. *Bowers' Adm'r* v. *Briggs*, 20 Ind. 139; *Borum* v. *Fouts*, 15 Ind. 50; 1 Greenl. Ev., sec. 240.

In the case of *Oliver* v. *Pate, post,* p. 132, the question arose whether the attorney, who acted as prosecuting attorney, could be examined with reference to a conversation between him and the defendant, in an action for malicious prosecution, concerning the commencement of the criminal prosecution on which the civil action was founded, and it was held, with some hesitation however, that as the defendant in the action had made a witness of himself, and had himself testified to the matter which would otherwise have remained in confidence, he could.

We are now asked to hold that when a party is a witness in his own behalf, he shall be compelled to testify to any and all conversations which he has had with his attorney, concerning the matter in question. The case of the *Inhabitants of Woburn* v. *Henshaw,* 101 Mass. 193, is cited as authority. The court in that case say: "The objection, that the defendant was wrongfully compelled to undergo

Bigler *v.* Reyher.

cross-examination as to what he said to his counsel, cannot be sustained. The policy of the law will not allow the counsel himself to make disclosures of confidential communications from his client; but if the client sees fit to be a witness, he makes himself liable to full cross-examination like any other witness." This ruling does not commend itself to our judgment. The rule excluding these communications is for the benefit of the client and not the attorney, and the protection from disclosure extends to the client as well as to the attorney. But it is supposed that because the party entitled to the protection becomes a witness in his own behalf, therefore he obliges himself upon a cross-examination to reveal the confidential communication, on the ground that he is bound to testify fully to all that he knows concerning the matter in question. We do not doubt but that he must testify to all the material facts in his knowledge. But statements made by him to his legal adviser are not so much facts as they are the evidence of facts. The statute of this State which makes a party a competent witness in his own behalf has still kept up the protection of confidential communications. It is difficult to see why, if the fact that the party himself testifies removes the protection of the rule from confidential communications, it does not make the evidence of the attorney admissible also when the party is a witness, as well as that of the client on cross-examination. But in *Hemenway* v. *Smith*, 28 Vt. 701, the very opposite of what was held in Massachusetts is decided. It was there held, that a party is not obliged, as a witness, to disclose any consultation he may have had with his counsel in relation to the cause, and that he is equally protected, with his counsel, from testifying respecting confidential communications between them. In that case, like the one under consideration, the matter was sought to be brought out on cross-examination of the witness, who was made competent to testify by statute, as in this State. The court say: "The rule should be the same as it would have been if the counsel had been called to prove the consultation." The same

thing is decided in substance in *Bobo* v. *Bryson*, 21 Ark. 387. In our opinion, the ruling of the court below, in refusing to allow the cross-examination as to the communications of the appellee to Mains, was correct.

The judgment is affirmed, with ten per cent. damages and costs.