White, C. J.
The only question we find it necessary to •consider in this case is, whether the court erred in requiring the accused and his attorney to disclose the communications made by the former to the latter in the relation of ■client and attorney.
It is laid down as a general rule of jurisprudence, that “ where an attorney is employed by a client professionally, to transact professional business, all the communications that pass between the client and the attorney in the course .and for the purpose of that business are privileged communications, and that the privilege is the privilege of the ■client and not of the attorney.” Herring v. Clobery, 1 Phill. 91 ; Pearse v. Pearse, 1 DeGex & Smale, 25.
The privilege applies to the communication; and it is immaterial whether the client is or is not a party to the .action in which the question arises, or whether the disclosure is sought from the client or his legal adviser. Wharton’s Ev. § 588; Stephens Ev. art. 115.
By section 814 of the code of civil procedure, an attorney is declared incompetent to testify concerning any *95 ■communication made to him by his client, in that relation, or his advice thereon, without his client’s consent.
Section 315, however, provides, that, if a person offer himself as a witness, that is to be deemed a consent to the examination also of the attorney, on the same subject.
The code of criminal procedure contains no such provision ; and the question is, whether the accused, by offering himself as a witness in his own behalf in a criminal prosecution, waives the protection which would otherwise be extended to the privileged communications passing between him and his attorney.
We think no such waiver ought to be implied. In several of the states, in the absence of a statutory provision corresponding to section 315 of our code of civil procedure, it has been ruled that a party, by becoming a witness on his own behalf, does not waive the privilege.
In Bigler v. Reyker, it was held by the Supreme Court of Indiana, that a party, having given evidence in chief in his own behalf, can not, on cross-examination, be compelled to divulge statements made by him when consulting, as a client, an attorney at law; and that such communications are privileged and protected from inquiry, when the client is a witness, as well as when the attorney is a witness. 43 Ind. 112. To the same effect is the decision in Barker v. Kuhn, 38 Iowa, 395 ; Hemenway v. Smith, 28 Vt. 701; and Bobo v. Bryson, 21 Ark. 387.
The contrary was held in Massachusetts, iu the case of Inhabitants of Woburn v. Henshaw, 101 Mass. 200. It was there said : “ The objection that the defendant was wrongfully compelled to undergo a cross-examination as to what he said to his counsel, can not be sustained. The policy of the law will not allow the counsel himself to make disclosures of confidential communications ’from his client; but if the -client sees fit to be a witness, he makes himself liable to full cross-examination like any other witness.”
But we apprehend that other witnesses than the party ■could not, on cross-examination, be compelled to disclose confidential communications made to their legal adviser, *96 either for the purpose of impeachment or otherwise. Nor do we see the propriety of not allowing the attorney to make the disclosures without thé consent of his client, and yet compelling the client himself to make them.
In our opinion, the weight of authority, and the better reason are against the ruling of the court below.

Judgment reversed and cause remanded for a new trial.