## MASON L. SWENK

### v.

## THE PEOPLE.

PRIVILEGED COMMUNICATIONS.—A client can not be made to disclose any communication between himself and his legal adviser which his legal adviser could not disclose without his permission. But where a witness on direct examination goes into the matter of consultations or communications with counsel, he may be compelled to answer fully on cross-examination. In this case the witness, on her direct examination, made no reference to conversations with her attorney, and therefore she could not be cross-examined as to such conversations.

APPEAL from the Criminal Court of Cook county; the Hon. ROLLIN A. WILLIAMSON, Judge, presiding. Opinion filed July 21, 1886.

Mr. C. STUART BEATTIE, for appellant; that if a client sees fit to be a witness he makes himself liable to full cross-examination like any other witness, cited Commonwealth v. Mullen, 97 Mass. 545; Woburn v. Henshaw, 101 Mass. 200.

Mr. C. S. CUTTING, for appellee; that the communications were privileged, cited Heminway v. Smith, 28 Vt. 701; State v. White, 19 Kansas, 445; Begler v. Rehyer, 43 Ind. 112; Druhenhofer v. State, 34 Ohio, 91; Barker v. Kuhn, 38 Ia. 392; Bobo v. Bryson, 21 Ark. 387; Greenleaf on Ev., 14th Ed., §§ 238, 240.

MORAN, J. Judgment was rendered against the appellant upon the verdict of a jury, finding him to be the father of a bastard child, of which the relator was the mother, directing that appellant pay to relator one hundred dollars for the first year, and fifty dollars for the succeeding nine years, for the support of the child, and requiring the defendant to give security as provided by law.

On the trial appellant introduced in evidence a paper writing signed by relator, purporting to be a release to appellant from all c'aim for support of the then unborn child, and from all damages for supposed seduction, etc.

The consideration recited in the writing, was the sum of twenty-five dollars. Relator testified that she did not read the paper when she signed; that she could read English but little at the time; that appellant did not read it to her, but explained to her that it was a receipt for rent for a room that he had paid for her. Appellant's counsel, on cross-examination, asked relator if she had not talked about the paper writing to her attorney, and if he did not tell her to explain it away, or she would get beaten in the case; that she must testify that she couldn't read English; that Swenk told her it was a receipt for ten dollars; and if she did not agree to so testify, in order to explain away this release. The question was objected to, and the objection sustained by the court, on the ground that the communications between attorney and client were privileged; and this ruling is assigned by appellant as the chief error of which he complains.

While there is some conflict in the decided cases, the clear weight of authority supports the ruling of the court below. Sir J. Stephen, in his treatise on Evidence, Art. 116, says: "No one can be compelled to disclose to the court any communication between himself and his legal adviser, which his legal adviser could not disclose without his permission." And Wharton says: "It would be absurd to protect by solemn sanction professional communications when the lawyer is examined, and to leave them unprotected at the examination of the client." Wharton on Evidence, Sec. 583; see, also, Greenleaf on Evidence, 240; Heminway v. Smith, 28 Vt. 701; Begler v. Rehyer, 43 Ind. 112; State v. White, 19 Kansas, 445.

Where a witness on direct examination goes into the matter of consultations or communications with counsel, he may be compelled to answer fully on cross-examination, but in this case the witness made no reference to conversations with her attorney on her direct examination.

Counsel assigned other errors, but they are, in our opinion, without weight, and do not merit discussion. The court below rendered justice to appellant according to law, and the judgment will therefore be affirmed.

Judgment affirmed.