[Birmingham Railway & Electric Company v. Wildman.]

is now the supreme law, and by it this and the courts of all other states are bound, and for this reason our ruling in the *Dismukes* case can no longer be followed.

It results that the inquiry as to the law of the State of Georgia was entirely immaterial and irrelevant, and the court below did not err in sustaining the objection to appellant's offer of evidence on this point. But proof of compliance with the requirements of the interstate commerce law, of the amount of the charges fixed by the published schedule of rates and charges, and of the other facts offered in evidence by appellant, was relevant, and the demurrers to the pleas setting up these facts should have been overruled, and under such pleas evidence of these facts should have been admitted. Upon uncontradicted proof of these facts, if they had been in evidence, in connection with the other evidence in the case, the defendant would have been entitled to the general charge in its favor. The judgment of the city court must be reversed, and the cause remanded for further proceedings in conformity to this opinionion.

# Birmingham Railway & Electric Co. v. Wildman.

*Action of Damages for Personal Injuries to a Passenger.*

1. *Confidential communications between attorney and client, privileged.*—While a party who offers himself as a witness cannot refuse to answer pertinent questions on the ground that he had communicated to his attorney the matters inquired about yet he cannot be compelled to state whether or not he had communicated certain facts to his attorney, or given him certain instructions.

2. *Party injured owes no duty to notify defendant before suit brought.*—The plaintiff, suing for personal injuries, owed no duty to the defendant to notify it, or give it any information, concerning the accident previously to the commencement of the suit, and evidence tending to show that plaintiff withheld such information was not admissible for the sole purpose of enabling a jury to draw an unfavorable inference from plain-

[Birmingham Railway & Electric Company v. Wildman.]

tiff's omission to do what he was not required to do, when there is no other evidence tending to establish such inference.

3. *Illegal evidence received without objection may be argued by counsel.*—Parties have an undoubted right to try their case on illegal evidence, if they so desire, and if illegal evidence is admitted without objection, it is the right and duty of the jury to give it such consideration as it would be entitled to if legal evidence; and it is the right and duty of counsel to comment on such testimony, to state the inference he may think arises from it, and to aid the jury in this manner in arriving at a correct conclusion: Any invasion of the court of these respective rights of jury and counsel is unwarranted, and constitutes reversible error.

4. *Explanatory charge upon illegal evidence received without objection, when refusal error.*—The court, at plaintiff's request, properly instructed the jury that neither the plaintiff nor his counsel owed defendant any duty to inform it that plaintiff had been injured, but, the fact that no notice or information had been given being in evidence without objection, it was error to refuse an explanatory charge for defendant that, in connection with all the other evidence, the jury had a right to consider such fact, especially as the court had unwarrantably deprived defendant's counsel of the right to discuss such evidence in argument.

5. *Instruction as to matter known to the jury, properly refused.*—It is not error for the court to refuse an instruction that certain argument had not been made before the jury, since, if the fact that such argument was or was not made be material, the jury had knowledge of the fact, as well as the presiding judge.

6. *Misleading charge.*—A charge stating a proposition which is strictly true, but so worded as to be misleading to the average mind, is properly refused.

7. *Electric cars; alighting of passengers; duty of persons in charge to see that no one in place of danger, when car started.*—The principle, that when those in charge of a street car, operating only on the streets of a city or town, stop it in response to a signal or notification from a passenger to enable him to alight, it is their duty to see and know, before starting again, that no one is in the act of alighting, or in other perilous position, applies also to an electric street car in charge of a conductor and motorman, who has stopped it on notification of a passenger wishing to alight, although operating without the city limits, running on schedule time, and stopping only at regular stations.

APPEAL from Jefferson Circuit Court.

Tried before Hon. JAS. J. BANKS.

This suit was brought on October 26, 1896. The plaintiff testified that the injury occurred Sept. 3, 1896. The court at the request of the plaintiff gave the jury the following written charges: (1.) "It is a duty of the conductor of a street car operated by electricity when his car has been stopped for passengers to alight, to see and know that no passenger is in the act of alighting, or is otherwise in a position which should be rendered perilous by the motion of the car, when he again puts the car in motion." (2.) "Plaintiff owed defendant no duty to inform defendant that he had been hurt before the filing of the suit." (3.) "Plaintiff's counsel owed defendant no duty to inform defendant that plaintiff had been hurt before the filing of the suit." (4.) "Neither plaintiff nor his counsel owed defendant any duty to give defendant any information before the filing of this suit, to enable defendant to get witnesses or gather information." The court refused the following charges requested in writing by the defendant: (1.) "I charge you, gentlemen of the jury, that the undisputed evidence does not show that the plaintiff is entitled to recover in this cause." (2.) "I charge you, gentlemen of the jury, that the defendant's counsel has made no argument to you that it was the duty of the plaintiff to give the defendant information to enable the defendant to make its defense in this cause." (3.) "In arriving at your verdict in this cause, I charge you, gentlemen of the jury, that in connection with all the other evidence in this case you have the right to consider that the plaintiff did not inform the defendant that he had been hurt before the filing of the complaint, if from the evidence you believe that the plaintiff did not give the defendant such information before the commencement of this suit." (4.) "In arriving at your verdict in this case, I charge you, that in connection with all the other evidence in this case, you have the right to consider that the plaintiff's counsel did not inform the defendant that the plaintiff had been hurt before the filing of the plaintiff's complaint, if from the evidence you believe that the plaintiff's counsel did not give the defendant such information before the commencement of this suit." There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the giving and refusal of

[Birmingham Railway & Electric Company v. Wildman.]

the above charges and the other rulings of the trial court to which exceptions were reserved.

WALKER, PORTER & WALKER, for appellant.—The circuit court had no right to say to the jury that the inference defendant's counsel sought to draw, could not be drawn, from the undisputed fact that the plaintiff had not, at any time before bringing his suit, given the defendant any notice or information of his alleged claim that he had been hurt in the manner stated by him. There being testimony of the fact stated in the argument, it was for the jury to determine whether such inference could be legitimately drawn from such fact. Being a question for the jury to decide, defendant's counsel had the undoubted right to argue the question to the jury, and thus enable that body to arrive at a correct conclusion.—*Cross v. State*, 68 Ala. 482; *Hobbs v. State*, 74 Ala. 41. The facts of this case bring it within the rule declaring the duty of conductors in stopping and starting regular passenger trains, as defined in *Birmingham Union Railway Company v. Smith*, 90 Ala. 60,. and not the rule applicable to horse cars. The court erred in refusing charges 3 and 4 requested by defendant. If argumentative, they were proper and explanatory of like charges given for plaintiff, and should have been given to correct the error of the court in refusing to allow counsel to present the question in argument before the jury.

BOWMAN & HARSH, *contra*.—The questions asked plaintiff as to his instructions to his attorneys were properly excluded, because the matter inquired about was wholly immaterial and furnished no ground for unfavorable inference, and further because communications between attorney and client are privileged.—2 Taylor on Ev. 911, 924, 925, and authorities cited. If the court can say, as matter of law, that a fact in evidence does not reasonably give rise to the inference drawn by counsel, then the use of such inference in argument to the jury is improper.—*Moody v. A. G. S. R. R. Co.*, 99 Ala. 553; *Bates v. Morris*, 13 So. 139; *Jackson v. Robinson*, 93 Ala. 157; *Trembly v. Harnden*, (Mass.) 38 N. E. 972. The following cases hold that comment on facts not relevant to any issue in the case, or the

statement of unauthorized inferences, are improper: *Scott v. State,* 20 So. 470; *Gibson v. Zenbig,* 24 Mo. App. 65; *Norton v. R. R. Co.,* 40 Mo. App. 642; *Koch v. Habel,* 32 Mo. App. 103. Charge No. 1, given for plaintiff, was taken from the language of the opinion in the case of *B'ham Union Railway Co. v. Smith,* 90 Ala. 60. It is true that the car in this case was a horse car, but in the case of *H. A & B. R. R. Co. v. Burt,* 92 Ala. 291, the same rule is applied to a dummy train drawn by a locomotive. A *fortiori* would be applied to an electric car charging five cents to carry passengers through the streets of the city and its suburbs, the one car being in charge of a conductor and motorman as shown in this case. Charges 2, 3 and 4, even if abstract, would be no ground for reversal.—*Payne v. Crawford,* (Ala.) 14 So. 854. The failure of the plaintiff or his counsel to inform defendant of his claim before filing suit could not give rise to an unfavorable inference against plaintiff. Even if charges 3 and 4, requested by defendant were based on correct principles, they are clearly argumentative and direct the attention of the jury to particular parts of the testimony, and were, therefore, properly refused.— *A. G. S. R. R. Co. v. Richie,* 99 Ala. 346; *Steed v. Knowles,* 97 Ala. 373.

BRICKELL, C. J.—Appellee sued to recover damages for injuries alleged to have been received while a passenger on an electric car operated by appellant, through the negligence of the persons in charge of the car in suddenly starting it while he was in the act of alighting from the front platform. There were no witnesses to the accident, which occurred about eight o'clock on the evening of September 2, 1896, at East Woodlawn, and plaintiff was the only witness who testified in his behalf. The defendant introduced all the conductors and motormen who operated cars on that route on the evening of September 2d, each of whom testified that if any accident occurred on his car he did not see it and had no notice or knowledge concerning it. For the purpose of attacking the *bona fides* of plaintiff's claim, and showing that, from motives of self-interest, he had purposely withheld from the defendant all knowledge of and information concerning the accident, defendant's attorney propounded the following ques-

tions to plantiff on cross-examination: "Did you ask them (your lawyers) to come and see the railroad company about it?" "Didn't you tell them (your lawyers) to go and present the matter to the railroad company, and ask them to pay you damages?" "Did you tell them not to sue at once, but to wait a while?" To each of these questions an objection was sustained. The inquiries were not only immaterial and irrelevant, but they also directly called for a disclosure by a client of confidential communications to his attorney. While a party who offers himself as a witness cannot refuse to answer pertinent questions on the ground that he had communicated to his attorney the matters inquired about, yet he cannot be compelled to state whether or not he had communicated certain facts to his attorney, or given him certain instructions. As stated by Mr. Wharton, "It is obvious that the guard against the disclosure of such communications by counsel would be a mockery if the client could be compelled to disclose that as to which counsel's lips are sealed. It would be absurd to protect by solemn sanction professional communications, when the lawyer is examined, and to leave them unprotected at the examination of the client."— 1 Wharton on Ev. §583; *Montgomery v. Pickering,* 116 Mass. 229; *Hemenway v. Smith,* 28 Vt. 701; *Bigler v. Regher,* 43 Ind. 112. The plaintiff owed no duty to defendant to notify it, or give it any information concerning the accident previously to the commencement of the suit, and the evidence sought to be elicited was not admissible for the sole purpose of enabling the jury to draw an unfavorable inference from plaintiff's omission to do what he was not required to do, when there was no other evidence tending to establish such inference.

Yet testimony tending to show the fact that no notice of or information concerning plaintiff's accident was given to defendant or any of its representatives previously to the instituton of this suit, and that the first intimation had by defendant that plaintiff claimed to have been injured was when the summons and complaint were served, was offered by defendant and received without objection. Parties have an undoubted right to try their case on illegal evidence, if they so desire, and if illegal evidence is admitted without objection, it is the right and duty of the jury to give it such

consideration as it would be entitled to if legal evidence; and it is also the right and duty of counsel in argument to aid the jury in determining the weight and effect it should have. During his argument of the case, defendant's counsel stated to the jury that "in determining the *bona fides* of plaintiff's claim that he was hurt in the manner testified to by him, the jury could and should look to and consider that he never at any time before he brought this suit, gave the defendant any notice or information of his alleged claim that he had been hurt." To this part of the argument an objection by plaintiff was sustained, and the trial court stated to the jury that the argument was improper and should not be considered by the jury. In this the court erred, since its ruling was an invasion of the province of the jury, and, in effect, an instruction to the jury that they could give no consideration to a part of the evidence in the case which had been admitted generally and without limitation of any kind. It is distinctively the province of the jury to consider each part of the evidence, to weigh it in connection with all the other evidence, and to draw from it such inferences, and give it such weight in determining their verdict, as they may think it is entitled to; and it is clearly the right and duty of counsel to comment on such testimony, to state the inferences he may think arise from it, and to aid the jury in this manner in arriving at a correct conclusion. Any invasion by the court of these respective rights of jury and counsel is unwarranted, and constitutes reversible error.—*Cross v. State,* 68 Ala. 482; *Hobbs v. State,* 74 Ala. 41.

At the request of the plaintiff, the court properly instructed the jury that neither the plaintiff nor his counsel owed defendant any duty to inform it that plaintiff had been injured, but, when requested by defendant, refused to charge that, in connection with all the other evidence in the case, the jury had a right to consider that plaintiff did not inform defendant that he had been injured. As stated above, the fact that no notice or information concerning the accident had been given defendant, being in evidence, the jury had a right to consider this fact. The latter charge should, therefore, have been given as, in a sense, explanatory of the

former, and especially for the reason that the court had unwarrantably deprived defendant's counsel of the right to discuss, in argument, the weight, effect and tendency of this evidence. The record does not set out the whole of counsel's argument to the jury; and it must be held that the court properly refused to charge, as requested, that defendant's counsel "had made no argument to you that it was the duty of the plaintiff to give defendant information to enable the defendant to make its defense in this cause." But, even if the record had shown affirmatively that no such argument had been made by counsel, we should hold that it was not error for the court to refuse such a charge. If the fact that such argument was or was not made was at all material, the jury had knowledge of the fact, as well as the presiding judge.

The court refused to charge at the request of the defendant that "the undisputed evidence does not show that the plaintiff is entitled to recover in this cause." The proposition of the charge is strictly true. That part of the evidence which was undisputed clearly did not show that plaintiff was entitled to recover. But the charge is so worded that it was capable of being construed by the average mind to mean that under the whole evidence the plaintiff was not entitled to recover. It is manifestly misleading, and was, therefore, properly refused.

The principle applicable in the case of ordinary railroads operated by steam power, and stopping at regular stations, that the conductor of a train is required to stop only a sufficient length of time to allow passengers an opportunity to alight by the exercise of reasonable care and diligence, and, having so waited, is not guilty of negligence in putting the train in motion again while a passenger is in the act of alighting, or otherwise in a dangerous position, unless he knew the fact at the time, or ought to have known it, has no application in this case. The evidence tends to show that there was only one car, that it was in charge of a conductor and a motorman, that plaintiff had notified the conductor that he desired to get off at East Woodlawn, that the car was stopped at that station for the purpose of allowing plaintiff, and such others as desired, to alight, and that plaintiff got off from the front platform. Under these

circumstances the same principle applies as in the case of street cars operating only on the streets of a city or town, that when those in charge of the car stop it in response to a signal or notification from a passenger, to enable him to alight, it is their duty to see and know, before starting again, that no one is in the act of alighting, or in any other perilous position.—*Birmingham Un. R'y Co. v. Smith,* 90 Ala. 60. The exits from the car were under the immediate observation of both the conductor and motorman, and it was entirely practicable for both of them to watch the exits and see that no one was in a dangerous position when the car was put in motion, and, therefore, it was their duty so to do. The mere fact that the car ran on schedule time, and when beyond the city limits, stopped only at regular stations, does not change the principle applicable to the facts in this case. The court did not err in giving the charge which asserted this proposition.

Reversed and remanded.