# BARKER v. KUHN.

1. **Conveyance:** BREACH OF COVENANT. Where the grantor of land, at the instance of the purchaser, deeds to a third party who gives a bond to convey to the purchaser, and subsequently deeds to him by special warranty, such purchaser can maintain an action against the original grantor, for breach of covenant of seizin in the first conveyance.

2. **Practice:** ERROR WITHOUT PREJUDICE. The admission of improper evidence which could not affect the result is error without prejudice, and will not justify a reversal.

3. **Evidence:** PRINCIPAL COMMUNICATIONS: PARTY. The general rule which makes parties competent and compellable to testify, will not compel the party to an action, who is a witness for himself to disclose upon cross-examination, communications to his attorney in regard to the case.

4. **Verdict:** CONTRARY TO EVIDENCE. The supreme court will not disturb a verdict for the reason that it is not sustained by the evidence, unless it has all the evidence before it.

5. **Covenant of seizin:** BURDEN OF PROOF. In an action for breach of covenant of seizin, the burden of proof is upon the grantor to show title in himself, either at the time of conveyance or subsequently acquired. If the question were *res integra, quere.*

## Appeal from Polk District Court.

### WEDNESDAY, JUNE 10.

THIS is an action substantially grounded upon an alleged breach of a covenant of seizin contained in a conveyance of real estate. The plaintiff, by his petition and amendment, states his cause of action in different groups of facts. · One, that he sold defendant a house and lot, in consideration of the payment of the liens thereon and two hundred acres of land, valued at $1500: that defendant conveyed him the land and afterwards obtained and canceled the deed, against plaintiff's wish. The other states the same trade, and a conveyance of the land to E. J: Pratt for plaintiff, and the subsequent conveyance by Pratt, with special warranty, to plaintiff. The answer, in effect, traverses the allegations of the petition. There was a trial to a jury, resulting in a verdict and judgment for plaintiff for $1820. The defendant appeals.

*Gatch, Wright & Runnells,* for appellant.

*Louis Ruttkay,* with *Phillips & Phillips,* for appellee.

COLE, J.—I. The evidence tended to show that the contract of sale of the house and lot by the plaintiff to the defendant was substantially as stated by the petition; that after the execution of the conveyance of the land to plaintiff, the deed was handed to his son, who took it to the plaintiff's residence and put it in a drawer as directed by the plaintiff, who is a blind man; on the same day the son, with the plaintiff's knowledge, took the deed back to the defendant, who, at the son's request, destroyed it, and then made another deed to Pratt, from whom the son, by his father's consent, had borrowed $200, and who took the deed as a security for the re-payment of the money and made a bond to

1. COVENY-
ANCE: breach
of contract,

plaintiff to convey the land to him when the money was re-paid; afterwards the money was re-paid, and Pratt then conveyed the land to plaintiff by deed of special warranty.

Upon the trial the deed by defendant to Pratt and the deed by him to plaintiff were admitted in evidence. This is the first error assigned. It is claimed that the deed to Pratt and the bond by him to plaintiff constituted a mortgage, and hence no *title* passed to Pratt, and no action on the covenants could be maintained by him or his grantee with knowledge. But we hold that under the circumstances the deed to Pratt was, as between him and the defendant, an absolute convey-ance; and when Pratt by conveying to plaintiff executed the trust therein resulting as between him and the plaintiff, the legal title passed, and the deeds were competent evidence thereof.

II. The plaintiff also introduced in evidence, a list of swamp land selections, embracing the lands conveyed by the 2. PRACTICE: defendant to Pratt, together with the certificate of error without prejudice. the Register of the State Land Office that such list was a copy of the records in his office, and also a certifi-cate that " after making a thorough examination of the records and files of this office, I fail to find any evidence that the above described tracts of land or any portion of the same, were ever approved as swampy or overflowed lands, by the Secretary of the Interior, or patented to the State of Iowa by the United States as such, or by the State of Iowa patented to the said O'Brien county." This certificate was objected to as incom-petent, under Revision of 1860, §§ 4047 or 4053, (now, Code of 1873, §§ 3702 and 3708,) and its admission in evidence is the next error assigned. The sufficient answer to it is, that since the burden of proving seizin in himself at the time of the conveyance or after, was and is upon the defendant, as we hold herein, if it was error to admit the certificate, it was error without prejudice, since it did not add to that burden. For, if the defendant did prove seizin or title in himself, this did not disprove it; and if he did not prove such title, then the verdict against him should follow, even without this evi-dence.

III.   The same absence of prejudice, is a full answer to the next alleged error in the admission of evidence as to the value of the land; since the court instructed the jury that the consideration, with interest, paid by the plaintiff to the defendant, was the measure of damages.

IV.   The plaintiff became a witness for himself and testified to material facts.   On cross examination the defendant's

3. EVIDENCE: privileged communications : party. counsel asked him what statement he made to his attorneys respecting his knowledge and the purpose of making the deed to Pratt.   This was objected to as calling for a privileged communication; and the objection was sustained, and herein is the next error assigned.   Our statute, Revision of 1860, § 3985, (Code of 1873, § 3643,) provides that "no practicing attorney   *   *   *   *   *   *   shall be allowed in giving testimony to disclose any confidential communication properly entrusted to him in his professional capacity,   *   *   *   *   *   "   If this question had been asked the attorneys, it is clear the objection made should have been sustained; and this, also, at the common law, for the statute is but declarative of the common law; and at the common law, the party was neither competent nor compellable to testify.   Hence such communications were effectually locked at the common law, and could not be revealed at all.   While our statute makes parties both competent and compellable to give evidence, Revision of 1860 §§ 3978 and 3980, (Code of 1873, §§ 3636 and 3638,) it should not be construed to open the door to a full inquiry into privileged communications.

V.   It is next assigned as error, that the verdict is not sustained by the evidence, and should have been set aside and a

4. VERDICT: contrary to evidence. new trial granted.   The particular point made in argument, is, that the evidence fails to show that the covenant of seizin or good right to convey was contained in the conveyance made by defendant to the plaintiff, and which was destroyed.   But under the evidence as contained in the abstract, the jury might have found that there was no delivery of that deed, and have found for the plaintiff under

the other deeds discussed in the first point of this opinion, which deeds do contain the covenants named.

There is also another complete answer to this assignment, and it is, that all the evidence is not before us. The appellants so state expressly in their abstract. Unless we have all the evidence, of course we cannot say that the verdict is not sustained by it.

VI. The court instructed the jury that the burden of proof was upon the defendant to show that he had title to the lands at the time he conveyed or had since acquired it. The appellant's counsel concede that this is in accord "with the weight of authority and the previous rulings of this court." This concession is doubtless correct, and we are not inclined now to controvert the propriety of the rule, whatever might be our view, if the question was *res integra.*

5. COVENANT OF SEIZIN; burden of proof.

VII. The appellant's counsel also assign error upon the giving of three instructions asked by plaintiff; but as we have, in the disposition of the preceding points, fully discussed the propositions upon which this assigned error rests, it is not necessary to again present them.

AFFIRMED.