BLACKSHIRE, v. THE IOWA HOMESTEAD Co.

1. **Pleading:** GENERAL DENIAL: PRACTICE.   When the petition alleges that defendant is a corporation, duly organized under the laws of the state, its legal existence and capacity are not put in issue by a general denial.

2. **Evidence:** THE DEED OF A CORPORATION.   In an action upon the deed of a corporation, where the signatures of the officers signing it were not denied under oath and the seal of the corporation appeared to be affixed, the instrument was *held* to have been properly admitted in evidence.   MILLER. CH. J., *dissenting*.

3. ————: SEIZIN: PLEADING.   In an action for a breach of covenant of seizin, an allegation that defendant is not lawfully seized casts upon him the burden of proof.   (*Schofield v. Iowa Homestead Co.*, 32 Iowa, 317; *Barker v. Kuhn*, 38 Id., 392.)

*Appeal from Webster Circuit Court.*

FRIDAY, OCTOBER 23.

ACTION to recover upon the breach of a covenant of seizin in a deed for land executed by defendant to plaintiff.   The answer is a general denial of the allegations of the petition. There was a verdict and judgment for plaintiff.   Defendant appeals.   The facts of the case appear in the opinion.

*Theodore Hawley,* for appellant.

*Duncombe, O'Connell & Springer,* for appellee.

BECK, J.—I.   The deed upon which the action is founded was admitted in evidence against the following objections made by defendant: 1.   The seal affixed to it was not proved to be the seal of defendant.   2.   It was not proved that authority was conferred upon the officers signing the instrument to make it.   Another objection was made but is not urged in this court.   It need not, therefore, be considered.

The petition alleges that defendant is a corporation duly organized under the laws of this State.   The general denial 1. PLEADING: of the answer did not put in issue the legal exist-general de-nial. ence and capacity of defendant.   Code, §§ 2716,

2717. The allegations of the petition as to these matters were therefore admitted.

The signatures to the deed not being denied under oath, must be taken as genuine. Code, § 2730.

The signature of the officer of the corporation executing the instrument being proved, the seal will be presumed genuine until the presumption is rebutted. Angell and Ames on Corporations, § 226, and cases cited.

When the seal of the corporation appears to be affixed to an instrument, and the signatures of the officers executing it are proved, the courts will presume they did not exceed their authority. The seal itself is *prima facie* evidence that it was affixed to the instrument under proper authority, and the burden is thrown upon the party objecting to the instrument to overcome this presumption. Angell and Ames on Corporations, § 224, and cases cited.

2. EVIDENCE: the deed of a corporation.

Under these principles the court was justified in presuming that the seal was genuine, and that the deed was executed by proper authority. The instrument was rightly admitted in evidence.

II. The covenant alleged in the petition to be broken is that "defendant was lawfully seized of the land, and had good right and lawful authority to sell and convey the same." The breach is charged in these words: " The defendant was not lawfully seized of said premises, and had not good right and lawful authority to sell and convey the same." The answer denies the allegations of the petition in general words. The court held that the *onus* of proving seizin rested on defendant, and that plaintiff was not required to prove want of seizin and authority to sell in defendant.

3. ———: seizin: pleading.

The precise question was passed upon in *Schofield v. Iowa Homestead Co.*, 32 Iowa, 317. The rule announced in that case is that an averment of seizin by the defendant casts upon him the burden of proof. It was followed in *Barker v. Kuhn*, 38 Iowa, 392.

Counsel for defendant express dissatisfaction with this rule, or rather with its application in *Schofield v. Iowa Homestead Co.*, and discuss the question involved at considerable length.

We are now quite as well satisfied with our conclusions, after having given the arguments advanced by him careful attenteution, as we were when they were first announced. We, therefore, adhere to them.

No questions other than those above discussed are presented by counsel for our consideration. The judgment of the Circuit Court is

AFFIRMED.

MILLER, CH. J., *dissenting.*—I dissent from the views expressed and the conclusion reached in the first paragraph of the foregoing opinion.

By the well settled rules of evidence, the mere production in court of a deed purporting to be executed by a private corporation, under its corporate seal, is not sufficient evidence to establish the fact that it is the act and deed of the corporation. The seal will not prove itself. The court cannot presume, without some proof, that the seal is genuine and was affixed by proper authority. *Moises v. Thornton*, 8 Term. R., 303; *Jackson v. Pratt*, 10 Johns. R., 381, 386; *Mann, Receiver, etc., v. Pentz*, 2 Sandf. Ch., 257, 272; *Foster v. Shaw*, 7 Serg. & Rawle, 156; *Leazure v. Hillegas*, Id., 313. When, however, proof is made of the signatures of the officers or agents executing the instrument in its behalf, the seal will be presumed to be that of the corporation; and when the seal affixed to the deed is proved to be the corporate seal, it is *prima facie* evidence that it was affixed by proper authority. See *The President, Managers, & Co. of Berks & D. Turnpike Road v. Myers*, 6 Serg. & R., 12, 16; *Adams v. His Creditors*, 14 Louisiana, 455; *Darnell v. Dickens' Lessee*, 4 Yerger, 7; *Burrill v. Nahant Bank*, 2 Met. (Mass.), 163, 166; *Lovett v. The Steam Saw Mill Ass.*, 6 Paige Ch., 54, 60; *Flint v. Clinton Company & Trustee*, 12 N. H., 434.

In the case before us, there was no proof offered either of the genuineness of the seal or of the official character of those whose names are signed to the deed as agents of the corporation, so that there is really no proof that the instrument offered in evidence is the deed of the corporation. Do the

Blackshire v. The Iowa Homestead Co.

provisions of our statute dispense with such proof? Section 2730 of the Code provides that " where a written instrument is referred to in a pleading, and the same, or a copy thereof, is incorporated therein or attached to such pleading, the signature thereto, and to any indorsement thereon, shall be deemed genuine and admitted, unless the person whose signature the same purports to be, shall, in a pleading or writing, filed within the time allowed for pleading, deny the genuineness of such signature under oath. If such instrument be not negotiable, and purports to be executed by a person not a party to the proceeding, the signature thereto shall not be deemed genuine or admitted, if a party to the proceeding, in the manner and within the time before mentioned, state under oath that he has no knowledge or information sufficient to enable him to form a belief as to the genuineness of such signature."

This section modifies the common law rule of evidence, so that when a writing, or a copy thereof, is referred to and incorporated in a pleading, or annexed thereto, the *signature* need not be proved in the first instance by the party using the instrument as evidence, unless the signature be denied under oath. The failure to deny the signature has the effect to admit its genuineness. Now, if it be admitted that this section of the statute applies at all to writings purporting to be executed by private corporations, through their agents, all that is admitted, by the failure of the appellant to deny the signatures to the deed under oath, is the genuineness of such signatures. It does not amount to an admission that the persons signing the deed were officers of the corporation; that they, or either of them, had the custody of the seal of the corporation, or that they had the power and did affix the same to the deed offered in evidence. A corporation can alone act through its officers and agents. It is bound by the authorized acts of its agents, but proof of the genuineness of the signatures of the *persons* signing a writing on behalf of the corporation is not proof of the official character of such persons, or that they were custodians of the corporate seal, with authority to affix the same. If there had been proof made that Forrest was president, and Thompson secretary and treasurer of the corpor-

ation, with the statutory admission of the genuineness of their signatures, the law would presume that they had authority to make the conveyance, and that the seal affixed was the seal of the corporation. *Flint v. Clinton Company & Trustee, supra; Bank of U. S. v. Dandridge,* 12 Wheat., 64. But such proof was not made. We have only the statutory admission of the genuineness of the signatures of Forrest and Thompson, but no proof of their character as agents of the corporation, which is not sufficient to bind the latter. The case is like that of a deed purporting to be that of A., executed by B., as his attorney in fact; an admission or proof of the signature of B. would afford no evidence that he was attorney of A. It was not intended to be the effect of the statute, in such case, that a failure to deny the signature under oath should establish the agency. There was, in my opinion, error in rendering judgment for plaintiff without some proof of the agency or official character of the persons whose names are affixed to the deed.