## JERALD v. ELLY.

1. **Conveyance: SEIZIN : BURDEN OF PROOF.** Where, in an action upon covenants of seizin and against incumbrances, the plaintiff alleges the existence of an incumbrance at the time of the conveyance, which the defendant denies, the burden of proof is upon the plaintiff to establish the incumbrance, and not upon the defendant to establish his seizin.

2. ——: **BREACH OF COVENANT: RIGHT OF WAY.** The fact that a railway company uses as right of way a parcel of land included in a deed containing covenants of seizin does not of itself establish a breach, but it must be further shown that the company had a valid right to the use of the land.

*Appeal from Mitchell District Court.*

MONDAY, JUNE 9.

ACTION at law upon the covenants of seizin and against incumbrances in a deed for land executed by defendant to plaintiff. There was a verdict and judgment for defendant. Plaintiff appeals. The facts of the case appear in the opinion.

*L. M. Ryce*, for appellant.

*D. W. Poindexter*, for appellee.

BECK, CH. J.—The petition alleges the execution of the deed, containing covenants of seizin and against incumbrances, which is made an exhibit, and that when it was executed defendant was not lawfully seized of all the lands conveyed; that they were not free from incumbrances, and that defendant did not have good right and lawful authority to sell the same. It is then averred that the Milwaukee & St. Paul Railroad Company "owned and held, and were in actual exercise of the rights of occupancy of, and were entitled to the right of way thereto, some six acres, being a strip one hundred feet wide," etc., and "plaintiff never received and was

not by said conveyance entitled to the possession or right of possession of said six acres." The answer denies generally the allegations of the petition.

The testimony shows that the railroad company named in the petition actually occupied a right of way as alleged, and that such occupation had been for several years. No testimony was offered by either party as to the right of such occupancy. Plaintiff did not introduce evidence to show that it was based upon right, nor did defendant offer to show that it was without right. The court gave the following instructions:

"4. The deed introduced in evidence by the plaintiff contains full and complete covenants against incumbrance on the land, and this covenant is broken if, at the time the deed was made and delivered, the railroad company had a valid right of way for its track over and across the farm or any part of it; but, under the issue, the burden is on the plaintiff to show by the evidence that such a right of way was then owned by said company.

"5. It would not be sufficient to show that the company used and exercised ownership over such a privilege, but it must be shown that it had a valid right to do so, and when the deed was made and delivered."

These instructions are complained of as erroneous.

II. The alleged right of way of the railroad company upon the land is regarded by counsel on both sides of the case as an incumbrance, and counsel seem to concede that if it be shown to exist it constitutes a breach of the covenant of the deed against incumbrances. This is in accord, we think, with the authorities. See 2 Washburn on Real Property, 659 ; 2 Hilliard on Real Property, 391. This court has held that in an action to recover upon the covenant of seizin, wherein the plaintiff alleges that the defendant was not seized of the land, was not the lawful owner, and such allegation is put in issue by the denial of the defendant, the

1. CONVEY-
ANCE: seizin:
burden of
proof.

Jerald v. Elly.

*onus* rests upon him to show his seizin, and not upon the plaintiff to show defendant was not seized of the land. The answer in such a case, it is held, amounts to an affirmative averment of title in defendant, and the defendant, therefore, has the affirmative upon the question of his seizin. *Swafford v. Whipple*, 3 G. Greene, 261; *Schofield v. Iowa Homestead Co.*, 32 Iowa, 317; *Barker v. Kuhn*, 38 Iowa, 392; *Blackshire v. The Iowa Homestead Co.*, 39 Iowa, 624.

It will be readily seen that in these cases the defendant sets up as a defense to the action an affirmative fact, namely, title in himself, seizin of the land, when the deed was executed. But no such affirmative allegation of fact is or can be made when a defendant, as in this case, denies the existence of an incumbrance alleged by plaintiff. Plaintiff alleges the existence of an incumbrance; defendant denies the allegation. Here is no affirmative allegation by defendant. In the case of an action upon the covenant of seizin the plaintiff alleges that defendant did not hold the title; the defendant denies that he did not hold the title, thus affirmatively alleging that he was seized of the land. It will be thus seen that this case is clearly distinguishable from *Schofield v. Iowa Homestead Co.* and the other cases above mentioned. It follows that the fourth instruction given by the court is correct in holding the burden of proof to be on plaintiff.

III. The fifth instruction is clearly correct. It, in effect, holds that the use of and exercise of ownership over the right of way is not sufficient to establish a right or raise a presumption of a right thereto. The possession of lands is not evidence of title. In this instance the possession of the railroad company may have been a mere license to terminate at the will of the owner, or it may have been acquired and held by trespass. The use of the land and exercise of ownership over it were, therefore, not sufficient to raise a presumption of title.

2. ——: breach of covenant: right of way.

These views dispose of the case. The jury failed to find

that the railroad company had a valid right to the easement. Such finding is consistent with the testimony. No other questions are presented for our consideration.

AFFIRMED.