H. J. C. MAINE, Appellant, v. THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.

**Employes Beneficial Society:** OR INSURANCE ASSOCIATION: *What constitutes.* An association organized by a railroad company for the benefit of the members in case of injury to them, or of the beneficiaries named in the membership certificate in case of their death, the relief fund of which is raised from monthly payments by the members, who are employes of the road only, any deficiency being made up by the company, is not an insurance company, but a beneficial society.

CONTRACT WITH EMPLOYE: *When not an insurance agreement.* An agreement in a certificate of membership in a benefit association organized by a railroad company to which it contributes, and the expenses of which are paid by it, that, in case any member or his beneficiary accepts benefits due by reason of accident on account of his membership, the company shall be released from liability on account of the sickness, injury, or death of such member, is not void because it is an agreement to furnish insurance.

*Implied power of railway to make such contract.* A railroad company organized a relief department, solely for its benefit and the benefit of its employes who became members thereof. Each member was required to contribute a fixed amount monthly to the relief fund, to be used to furnish relief to its members in cases of accident or sickness, and in case of their death, to provide something for their beneficiaries, and to make certain, in cases where the benefits of the department were accepted, the liability of the company for injuries caused by its negligence. *Held,* that an agreement by the company to aid the department by paying its expenses and making up any deficiency in benefits due members was not outside of its powers because a railroad corporation has implied power to aid a relief association composed of its employes by con-

tributing to the expenses of operation and to the relief fund, where the acceptance of benefits from the relief fund operates to release or diminish the liability of the company for injuries.

ACCEPTANCE OF BENEFITS: *Waiver of right to recover for injury.* An employe of a railroad company which had a relief department for the benefit of its employes was injured. His membership certificate provided that, by accepting benefits due him by reason of accident the company should be relieved from liability on account thereof. *Held*, that, where he accepted some benefits under a mistake, supposing his injuries were only temporary, and he made no effort to return the money after the mistake was ascertained, the company was not liable.

AVOIDANCE OF ACCEPTANCE OF BENEFITS THROUGH MISTAKE: *When and how permitted.* He could not avoid the election he had made by pleading the mistake for the first time in an amended reply in an action brought by him for such injuries, filed more than two years after the action was commenced, and offering to allow it as a credit on the amount claimed to be due him from the company, thus making an offer to refund, not to the relief department but to the railway company as defendant.

DEEMER, J. dissenting from the reasoning but agreeing to the conclusion arrived at.

PLEADING DURESS: *Definiteness.* Averments that plaintiff in an action for personal injuries against a railway company became a member of a relief department through duress and coercion on the part of defendant; and that coercive measures adopted were not by open words but by threats, menaces, and insinuations which cannot be set out in the pleadings, are too indefinite and uncertain to show that the contract of the plaintiff with the relief association, by which he agreed that the acceptance of benefits should release the company from liability for injuries, is void.

STRIKING PLEADING: *Harmless error.* Plaintiff is not prejudiced by the striking out of reply denying averments of the answer, where a denial was implied by law to so much of the answer as was not admitted.

Malpractice of Railway Surgeon: LIABILITY OF COMPANY. A railroad company is not liable for the malpractice of its surgeons in treating injured employes where it exercises due care and diligence to select surgeons who are reasonably competent.

*Appeal from Union District Court.*—HON. W. H. TEDFORD, Judge.

THURSDAY, APRIL 8, 1897.

ON REHEARING THURSDAY, OCTOBER 12, 1899.

ACTION at law to recover for injuries alleged to have been caused by negligence on the part of the defendant. Various pleadings and motions were filed, and proceedings thereon had which resulted in a judgment for the defendant. The plaintiff appeals.—*Affirmed.*

*Temple & Hardinger* for appellant.

*Smith McPherson* and *Sullivan & Sullivan* for appellee.

ROBINSON, J.—In May, 1892, the plaintiff was in the service of the defendant as flagman and rear brakeman on one of its passenger trains. While in the line of his duty, he was injured by a collision of his train with another, which was going in an opposite direction on the same track. He alleges that the accident occurred by reason of the negligence of an employe of the defendant in failing to give to the conductor and engineer in charge of the plaintiff's train a telegraphic order to hold that train at Red Oak until the train which was met should arrive there. The plaintiff further alleges that the injuries which he received in the collision are permanent, and he asks judgment on account of them for the sum of one thousand nine hundred and ninety-nine dollars and ninety-nine cents. The district court rendered judgment against him for costs. The answer of the defendant contained a general denial, and alleged that, prior to and at the time of the accident, the plaintiff was a member of an association organized by the defendant and its employes, which was a department of the defendant, known as the 'Burlington Voluntary Relief Department," and, by reason of his membership, was entitled to certain benefits in the way of support and maintenance while injured or sick during his employment in the service of the defendant, and, in case he should die while in that employment, his wife would become entitled to a benefit; that, in the rules and regulations adopted by the defendant and its employes for the

management of the relief department, the defendant guarantied the expenses necessary to conduct it, and paid all the expenses of its management, and furnished a large portion of the funds necessary for the payment of dues and benefits on account of the sickness, injury, and death of the employes as members of the association; that, in becoming a member of the association, the plaintiff contracted with it and the defendant to release the defendant from all liability on account of any accident when he or his beneficiary should accept the benefits due by reason of the accident on account of his membership; that, shortly after the injuries complained of were received, the plaintiff made application to the relief department for the sum of thirty-nine dollars, which was due him as benefits under his contract, and that the sums to which he became entitled have been tendered to and accepted by him in settlement of the injuries for which he now asks to recover; that at and before that time the funds of the relief department were insufficient to meet the demands against them, and the defendant furnished the money required for such demands, including that paid to the plaintiff; and that, in consequence of such payments and their acceptance by the plaintiff, he has released all claims against the defendant for the injuries in question. The answer of the defendant further alleges that, by the terms of the contract of the plaintiff with the relief department, he had an election, after receiving the injuries, to accept the benefits provided for by the contract, or to waive them, and claim damages aside from the contract, but that he could not do both, and that, by reason of his acceptance of the benefits as stated, he is estopped to recover in this action. To that answer the plaintiff filed an amended and substituted reply, and afterwards an amendment to his petition, and still later an amendment to his last reply. A motion to strike the amended and substituted reply from the files, a demurrer to the second division of the amendment to the reply, and a demurrer to the amendment to the petition, were filed by

the defendant, and sustained. . The plaintiff withdrew the first division of the amendment to his reply, and refused to plead further. Judgment was then rendered in favor of the defendant, as stated.

I. The appellant has devoted a large portion of his argument to a consideration of his contract with the relief association, and insists with much earnestness that it provides for insurance; that it is contrary to public policy, and is illegal and void. Substantially all of the objections thus made were considered by us in the recent case of *Donald v. Railway Co.*, 93 Iowa, 284; and held not to be well founded. We are content with the conclusions there announced, and do not deem it necessary to review them. As tending to further sustain them, however, we cite *Railway Co. v. Bell,* 44 Neb. 44 (62 N. W. Rep. 314), and 3 Elliott Railroads, section 1379 *et seq.*

· · II. The appellant contends that the defendant exceeded its powers when it attempted to become a party to the relief association; that its charter does not authorize it to engage in the business of insurance, nor in charitable or relief work; and that the contract in question is therefore void. The larger part of the argument of the appellant on this branch of the case is an attempt to show that the relief department was organized to carry on an insurance business; that the business actually carried on was of that character; and that the contract of the defendant with respect to it was a contract to provide insurance, and therefore void. The claims thus made were urged in *Donald v. Railway Co., supra;* and it was there decided that the relief department was not an insurance company, and we are of the opinion that it does not do an insurance business, within the meaning of the laws of this state which regulate insurance companies. Whether the chartered rights of the defendant are sufficiently broad to permit it legally to aid in carrying on the relief department is a question presented by the pleadings, and referred to by

the appellant briefly in argument, and not mentioned in the argument of the appellee. The argument of the appellant on that point is little more than an assertion that the defendant has not the power to aid the association. Under these circumstances, we do not feel justified in announcing any rule which shall be regarded as defining generally the powers of railroad companies in such cases, but content ourselves with saying only so much as seems to be necessary to a decision of this case. The relief department was organized solely for the benefit of the defendant and its employes. No persons excepting those in the service of the defendant can become members of the association. By the regulations of the association, its members are divided into five classes. Every member is required to contribute a fixed amount each month to the relief fund, and the amounts to be contributed and the benefits to be received by each member are made to depend upon the class to which he belongs. The practical operation of the department is to furnish certain relief to its members in cases of accident or sickness, and, in case of their death, to provide something for their relatives or other beneficiaries designated, and also to make definite and certain, in cases where the benefits of the department are accepted, the liability of the defendant for injuries which have been sustained in consequence of negligence on its part. To this extent, at least, the department is beneficial to its members and to the defendant. Since the defendant is thus benefited, we cannot say that it lacks the implied power to aid the department in the mode adopted in this case. 3 Elliott Railroads, section 1379. Moreover, the plaintiff has accepted benefits provided for by his contract, and the payments made by the defendant. We conclude that the plaintiff has failed to show that the contract in question is unauthorized.

III. It is said that the employes of the defendant are subjected to such influences that they feel compelled to join

the department for fear of losing their places, and that it is voluntary only in name. The record submitted to us does not show any compulsion or undue influence upon which a court could act. The regulations of the department expressly provide that no employe shall be compelled to become a member of it, and that any member may withdraw at the end of any month upon giving notice before the 25th of the month. It is true, the plaintiff claims he became a member through duress and coercion on the part of the defendant; but he avers that the coercive measures adopted were not by open words, but were by threats and menaces and insinuations, which cannot be set out in the pleadings. These averments are too indefinite and uncertain to show that the contract in question is void, and whether grounds upon which a court of equity might give relief are shown we need not determine.

IV. The plaintiff, in one paragraph of his reply, avers that he accepted the money from the relief department on the representations of agents of the defendant that his acceptance of it should not in any manner affect his right of action against the defendant for the injuries he had sustained, and that when he learned that the defendant intended to claim that, by accepting the money from the department, the defendant was released from liability, he refused to accept any further sums, although they were tendered to him. In another paragraph of the reply the plaintiff alleges that he accepted the money paid him under a misapprehension of facts; that he was informed by the surgeon of the defendant who treated him that his injuries were only temporary; and that he at first believed what was told him, but that, when he began to suspect the benefits provided for by the relief department would not compensatr him for the injuries he had sustained, he refused to accept anything further from the department; and he states that he tenders back the money he received, and offers to allow it to stand as a credit on the amount of his recovery in this case.

We are of the opinion that the plaintiff failed to show any sufficient reason for relying upon the representations alleged to have been made to him by agents of the defendant with respect to the effect his acceptance of the relief benefits would have upon his right of action against the defendant. Fraud which avoids the effect of accepting the money is not shown. The plaintiff, after receiving the injuries in question, had the right to elect to accept the benefits provided by the relief department, or to hold the defendant responsible for its alleged negligence. By accepting the benefits named, he elected not to hold the defendant liable. If this was done under such a mistake of fact that the election could have been reconsidered, he should have returned the money received to the relief department as soon as the mistake was ascertained, in order to make the reconsideration effectual. But it is not shown that he made any attempt whatever to return the money. More was required of him than a refusal to accept further benefits; yet he did nothing to correct the mistake or to avoid its effects until after this action was commenced. That was in October, 1892. In November, 1894, in an amended and substituted reply, for the first time, he pleads the mistake, and tenders, not to the relief department, but to the defendant, the money he had received, and offers to allow it as a credit on the amount he claims to be due him from the defendant. That was not sufficient to avoid the election he had made, and a demurrer to a paragraph of the reply which alleged the mistake was properly sustained.

V. The petition alleges that the left arm of the plaintiff was broken and that his left elbow was dislocated by the accident. The amendment to the petition alleges that the defendant, under its contract with the relief deparment, was required to furnish him surgical aid and attention, and called one of its surgeons, who undertook to treat and care for the injuries which the plaintiff had sustained; that the surgeon so furnished either lacked the requisite skill or failed to exercise it, and set and bandaged the plaintiff's arm in so unskillful and negligent a

manner that the bones were improperly set, bandaged, and dressed, and, in consequence, did not heal properly; and that, after that was done, the defendant transported the plaintiff to Creston, and placed him in the care of its surgeon there; that the surgeon at Creston failed to give his arm proper attention; and that, in consequence, it is crooked, weak, and almost useless, and the plaintiff is crippled and disabled for life. It was the duty of the defendant, under the contract pleaded, to exercise due care and diligence to select surgeons who were reasonably competent to treat the plaintiff, and, if it did so, it was not liable for the negligence of the surgeons in treating and caring for his injuries. *Eighmy v. Railway Co.*, 93 Iowa, 538. The amendment does not charge any lack of care on the part of the defendant in selecting the surgeons, and does not show that either of them lacked the requisite skill, although it alleges that the first one "either lacked the requisite skill or failed to exercise the same." That does not show that he was in fact unskillful, nor that the defendant was negligent in employing him. The amendment to the petition was designed to set out a separate cause of action based upon the unskillful treatment by the surgeons, and, since the defendant is not shown to have been responsible for that, the demurrer to the amendment was properly sustained.

VI. Some of the averments of the reply were matters which could have been proven under the issues raised by the petition and answer, and others set out immaterial matter. Both the amended and substituted reply and the amendment thereto contained a general denial. That contained in the amendment was withdrawn, and the other was stricken out by the sustaining of the motion. No prejudice resulted from striking them out, for the reason that a denial was implied by law to so much of the answer as was not admitted. It is said, and truly, that, after the motion and demurrers were sustained, the issues formed by the original petition and answer thereto remained for trial; and it is insisted that the district court erred in rendering a judgment

before a trial. But the record shows that judgment was rendered because there was "no evidence offered by either party, and the case being on for trial." The burden of proof was on the plaintiff, and, as he did not offer any evidence to sustain his petition, judgment was properly rendered against him. The record does not show any ground for reversing the judgment of the district court, and it is AFFIRMED.

DEEMER, J.—I agree to the conclusion, but not to the reasoning in the fourth division of the opinion.

On rehearing SUPPLEMENTAL OPINION.

Affirmed.

PER CURIAM.    After the opinion prepared on the original submission of this cause was filed, a rehearing was granted on the petition of the plaintiff, to enable this court to re-examine its holdings, to the effect that the contract between the plaintiff and the relief department of the defendant was valid, and to consider in that connection the case of *Railway Co. v. Montgomery,* 152 Ind. Sup. 1 (49 N. E. Rep. 582). That case, so far as it was in conflict with our conclusion in this case, was overruled by the court which decided it, in *Railway Co. v. Moore,* 152 Ind. Sup. 345 (53 N. E. Rep. 290). See, also, to the same effect, *Railway Co. v. Hosea,* 152. Ind. Sup. 345 (53 N. E. Rep. 419). We have again considered the validity of the contract, aided by the exhaustive arguments of counsel and remain satisfied with the conclusion in regard to it announced in *Donald v. Railway Co.,* 93 Iowa, 284, and in the original opinion in this case. That conclusion now appears to be in harmony with the holdings of all courts of last resort which have considered the principle involved, and to be well founded in reason. In view of what was said in the *Donald Case,* it is not necessary to further discuss the validity of the con-

tract in suit. We remain satisfied with the disposition of the point re-examined made in the former opinion, which is adhered to, and the judgment of the district court stands AFFIRMED.