ORIN BURGESS *v.* SIMS DRUG COMPANY *et al.,* Appellants.

**Druggists:** LIABILITY FOR NEGLIGENCE OF REGISTERED PHARMACIST CLERK.    The fact that a prescription clerk employed by a druggist is a competent pharmacist does not relieve the druggist 1    from liability for the negligence of the clerk in putting up a prescription.

SAME. The fact that the statute requires druggists to employ pharmacists who are registered does not relieve a druggist who 2    employs a registered pharmacist as a clerk from liability for negligence of the latter in putting up a prescription.

**Evidence:** PRIVILEGED COMMUNICATIONS: *Waiver.* The testimony of a party on cross-examination as to communications made

to his attending physician is not a sufficient waiver of the privilege of the patient under Code, section 4608, prohibiting a physician from testifying to confidential communications made by a patient unless waived by the latter.

SAME. The fact that a physician was called by plaintiff on a former trial to testify to confidential communications made by plaintiff while a patient of the physician is not a sufficient waiver of the privilege of a patient under Code, section 4608, prohibiting a physician from testifying to confidential communications made by a patient unless waived by the latter.

SAME. The fact that plaintiff testified on a former trial as to confidential communications made to his physician is not a sufficient waiver of the privilege under Code, section 4608, prohibiting a physician from testifying to confidential communications made in a professional capacity unless waived by the patient.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

MONDAY, MAY 27, 1901.

THE defendants, W. D. Sims and George C. Sims, are sued, as partners doing business under the firm name of the Sims Drug Company, to recover damages for injury alleged to have resulted to plaintiff from the negligence of defendants in putting up a prescription of medicine to be used in plaintiff's eye, the use of which resulted in injury to the eye and loss thereof. Defendants deny the negligence alleged, and aver that the prescription complained of was filled by a skilled, competent, and duly-registered pharmacist in their employ. Verdict and judgment for plaintiff for $900. Defendants appeal.—*Affirmed.*

*Spurrier & Maxwell* for appellants.

*Vernon O. Ford* and *Carr & Parker* for appellee.

McCLAIN, J.—I.   Appellants contend that, having employed a skillful, registered pharmacist, they are not liable

for his negligence, if any there was, in filling the prescrip-
tion, and cite as illustrations cases in which it has
been held that a railroad company contracting with
an employe to furnish surgical aid and attendance
in case of accident was not liable for the negligent acts of the
surgeon thus selected and furnished, if due care and dili-
gence was used in the selection, *Maine v. Railroad Co.*, 109
Iowa, 260, and that a bank to which a draft is sent for col-
lection is not liable for the negligence of the notary public
to whom the draft is delivered for protest (*First National
Bank of Manning v. German Bank of Carroll County*, 107
Iowa, 543). These cases, we think, are not analogous. It
was the duty of the railroad company by express contract
in the one case, and the duty of the bank by implied contract
in the other case, to secure for the other party professional
services, which neither the railroad company, in the one case,
nor the bank, in the other, held itself out as competent to per-
form. The railroad company did not pretend to be a sur-
geon, nor the bank to be a notary. But these defendants did
pretend to be druggists, and held themselves out as able and
willing to fill prescriptions. Whether they performed the
services individually or by the aid of an employe was imma-
terial. The master who undertakes to perform a service is
liable for the negligence of his servant in performing the
service undertaken. This proposition is too elementary to re-
quire the citation of authorities. It is true that the legisla-
ture has provided, as a police regulation for the protection
of the public, that no one who is not a registered pharmacist
shall fill prescriptions; but when the defendants undertook,
as a part of their regular business, that the prescription
should be filled, it was wholly immaterial to the customer,
so far as defendant's libality was concerned, whether the pre-
scription was filled by one of the defendants or by an em-
ploye. *McCubbin v. Hastings*, 27 La. Ann. 713. In *Mar-
tin v. Temperley*, 4 Q. B. 298, it was held that defendant
was liable for injury done by barges belonging to him navi-

gated by persons specified by statute as qualified for such purpose, and selected by defendant. The court held that the statutory limitation of defendant's power of choice did not deprive the party injured of a remedy against him. The case is analogous to this, and the decision seems to be perfectly reasonable. We think in this case defendant was not relieved of his responsibility as employer by the fact that he was required by statute to employ a registered pharmacist.

II.   Plaintiff claimed that his eye was injured by lime falling into it while he was at work at his trade as a plasterer, and that the application to it of a preparation secured from defendants on a prescription so aggravated the injury that its removal was necessary. When Dr. Amos, the specialist who performed the operation, was put on the stand by defendants as a witness, and asked to state what was said to him by plaintiff with reference to the cause of the injury to the eye, his testimony was excluded by the court on the ground that such communication to him was privileged, under the following provision of the Code: "Sec. 4608. No practicing attorney, counselor, physician or surgeon  *  *  *  *  shall be allowed, in giving testimony, to disclose any confidential communication properly intrusted to him in his professional capacity, and necessary and proper to enable him to discharge the functions of his office according to the usual course of practice.  *  *  *  Such prohibition shall not apply to cases where the party in whose favor the same is made waives the rights conferred."

The contention of appellants is that plaintiff had waived his privilege with reference to communications made to Dr. Amos—First, by testifying with reference to the same matter on the same trial; second, by testifying as to the same matter at a former trial of this case; third, by calling Dr. Amos to testify as a witness with reference to the same matter on a former trial of this case. Evidence of the testimony of plaintiff and of Dr. Amos on the former trial was intro-

duced to show such waiver. With reference to the testimony of plaintiff on this trial, it is urged by appellee that the matter about which Dr. Amos was asked to testify was gone into by plaintiff only in answer to questions on cross-examination, and it is contended that this did not constitute a waiver, while, as to the testimony of plaintiff and Dr. Amos on the former trial, it is contended that nothing done on one trial will amount to a waiver of the objection to evidence as to privileged communications when they are attempted to be proven on another trial of the same case. The section of the Code above set out constitutes a partial statutory declaration of a rule of evidence which was recognized at common law with reference to privileged communications to attorneys, but in this respect it is only a partial declaration; for, with reference to attorneys, as well as physicians, it relates only to the testimony of the attorney or physician, whereas the common-law rule of evidence relating to communications to attorneys is broader, and excuses the client also from testifying as to such communications. It was not intended, however, by this partial statement to limit the common-law rule in this respect, for this court has held that the client is still entitled to claim the exemption. *Barker v. Kuhn,* 38 Iowa, 392. Further than this, the provision of the Code extends the privilege which at common law was recognized in regard to communications between client and attorney so as to cover communications between the patient and his physician; and we have no doubt that it was intended to extend to these communications the same complete protection, not only as to physicians, but also as to the patient, which by common law was recognized in regard to communications between client and attorney. We think that there is no question but that the patient is privileged from disclosing communications made to his physician, although the statute does not so expressly provide. With this construction of the statute in mind, we now proceed to determine whether in any of the three ways above specified the plaintiff in this

case had waived the privilege of insisting that Dr. Amos should not testify in regard to the communications made to him in his professional capacity. It is proper to suggest further that the statute does not specify what shall constitute a waiver, leaving that to be determined by the general rules of evidence, which, without statutory authority, had previously been recognized as applicable to communications between client and attorney. It is well settled that the client or patient may waive his privilege, not merely by failing to make objection to the evidence of the attorney or physician when offered, but also by conduct from which a waiver may be imputed—such as by himself testifying as to the subject-matter of such communications. *People v. Gallagher.* 75 Mich. 512 (42 N. W. Rep. 1063); *State v. Tall,* 43 Minn. 273 (45 N. W. Rep. 449); *Hunt v. Blackburn,* 128 U. S. 464 (9 Sup. Ct. Rep. 125, 32 L. Ed. 488); *McKinney v. Railroad Co.,* 104 N. Y. 352 (10 N. E. Rep. 544). But the testimony of the client or patient as to the communication which will constitute a waiver of the privilege so as to admit the attorney or physician to testify with reference thereto must be voluntarily given; for the privilege is that of the client or patient, and it exists in his favor until in some way abandoned. No doubt, under this privilege, the client or patient may refuse to answer on cross-examination when asked with reference to the privileged communication. *Barker v. Kuhn,* 38 Iowa, 392; *Bigles v. Reynolds,* 43 Ind. 112; *Hemenway v. Smith,* 28 Vt. 701; *State v. White,* 19 Kan. 445 (27 Am. Rep. 137); *Duttenhofer v. State,* 34 Ohio St. 91 (32 Am. Rep. 362). But we are not willing to hold that the failure to insist on this privilege makes the testimony which he may give on cross-examination voluntary, in such sense as to constitute a waiver of his privilege with reference to the communication to his attorney or physician. In *McConnell v. City of Osage,* 80 Iowa, 293, this court said that even the voluntary act of the plaintiff in that case, as a witness,

in testifying to her physical health at a particular time, would not constitute a waiver of objection to testimony by her physician as to communications made by her to him at that time showing that she was not in good health, and that the mere fact of the exclusion of the physician's testimony might result in putting the condition of her health at the time referred to in a false light before the jury would not be a sufficient reason for implying a waiver. And it was further said (and this is especially pertinent to our present inquiry) that it was improper to ask witness on cross-examination whether she was willing that the physician might disclose any communications which she had made to him with reference to her health. Accordingly it was held that the propounding of such a question to the witness over the objection of her attorney, and to which her answer was, "No," constituted error; this language being used: "The statute gives the prohibition. It is a legal right, and the party should no more be required to state under oath that he did not want to surrender it, than any other legal right he possessed. We think a fair trial requires that such a matter should not even be referred to; that the jury should not be impressed with the belief that there is even reluctance to giving such assent. The subject-matter of such a waiver has no place for reference in the taking of testimony, except by the party permitted to make it." In the case before us it is evident that any objection of the witness on cross-examination to testify as to the communication might well have been prejudicial, and therefore that the answer of the witness with reference thereto cannot be treated as a waiver of the privilege, for it is essentially not voluntary. If counsel saw fit, on cross-examination to inquire into this matter, he must be bound by the answer, and cannot afterwards claim that the witness, by answering without objection, voluntarily waived the privilege. As to the testimony at the former trial, it seems to us that the waiver resulting therefrom should be confined to the trial in which the waiver is made.

Our statute relates to the giving of testimony, not to the publication in general of the privileged matter, and it seems to us clear that any waiver resulting from the giving or introduction of testimony on a trial should be limited to that trial. *Briesenmeister v. Supreme Lodge,* 81 Mich. 525 (45 N. W. Rep. 977); *Grattan v. Insurance Co.,* 92 N. Y. 274, 287 (44 Am. Rep. 372). In a later New York case a different conclusion was reached (*McKinney v. Railroad Co.,* 104 N. Y. 352 (10 N. E. Rep. 544); but we do not agree to the reasoning in that case, which would seem to lead to the result that, if the privileged communication is in any way made public by the patient, the privilege is waived for all time, whereas we understand to be well settled that a communication to a third person by the patient or client will not be a waiver of the right to insist on the privilege when it is sought to have the disclosure made by the way of testimony in open court. Thus, it has been held that a waiver of the privilege as to one witness, by permitting him to testify as to the privileged matter, will not be a waiver of objection to the testimony of another witness as to the same matter. *Mellor v. Railway Co.,* 105 Mo. 455 (16 S. W. Rep. 849). See, also, *Dotton v. Albion Common Council,* 57 Mich. 575 (24 N. W. Rep. 786), cited in *McConnel v. City of Osage.* 80 Iowa, 293, 301.

III. Many other assignments of error are made and argued, some of them relating to the sustaining of objections to hypothetical questions propounded to witnesses called as experts, and others to instructions given; but a discussion of these assignments would unduly extend this opinion, without substantial benefit. We have carefully considered the objections made, and find them to be without merit.—AFFIRMED.