Argued and submitted May 30,
reversed and remanded August 25, 1980

# STATE OF OREGON,
*Respondent,*

*v.*

# DAN SCHIER,
*Appellant.*

## (No. 77-4790, CA 16123)

615 P2d 1147

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the briefs for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James M. Brown, Attorney General, Walter L. Barrie, Solicitor General, and Christian W. VanDyke, Assistant Attorney General, Salem,

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant appeals an order revoking his probation and imposing sentence. The sole issue is whether defendant's wife's testimony was properly admitted over defendant's objection made pursuant to ORS 44.040(1)(a).

Defendant was placed on probation following his conviction for the crime of a convicted person being in possession of a concealable firearm. ORS 166.270. Defendant was subsequently ordered to show cause why his probation should not be revoked for violation of a specific condition of his probation that he not possess any firearm.

At the hearing on the order to show cause, the state presented evidence that the probation officer searched defendant's residence and seized a rifle hidden in a crawl space under the floor of the hallway leading to the bedrooms of the house. In defendant's bedroom the probation officer found several rounds of ammunition. This ammunition was not identified as the type used in the rifle which was seized.

Defendant and his wife were separated at the time and defendant's girlfriend was living in the house. The girlfriend's uncle testified that the rifle belonged to him and that he had hidden it in the crawl space in order that the children in the house would not find it. He testified that he had shown the rifle to the defendant and that the defendant had told him to get rid of it as he was not allowed to have guns in the house. When the uncle, who lived in the house a short period of time, left, he forgot to take the rifle.

Defendant testified that he had seen the rifle one time in possession of the uncle and was not aware that it had been placed in the crawl space. He stated that he had told the uncle to take the gun away and he assumed the gun was taken by the uncle when he moved out of the house. During his direct testimony defendant did not mention showing the rifle to his wife or any communications with his wife about the rifle.

On cross-examination, in response to questions by the prosecutor, defendant denied he had shown the rifle to his wife and that he had told her he was going to hide it in the crawl space.

Defendant's wife was called as a rebuttal witness by the state. Defendant objected on the ground that he did not consent to her testifying. The court overruled the objection on the basis that defendant had waived the marital privilege by denying that any communication had taken place between him and his wife. Defendant's wife testified that he had shown her the rifle and said he was going to hide it in the crawl space. She testified that she had called the police and told them where the gun could be found.

Defendant contends that under ORS 44.040(1)(a) his wife cannot testify without his consent. ORS 44.040(1)(a) provides:

> "A spouse shall not be examined for or against the other spouse without consent of the other spouse; nor can either, during the marriage or afterwards, be, without the consent of the other, examined as to any communication made by one to the other during the marriage. * * *"

The state first argues that the marital privilege does not apply in a probation revocation proceeding. It is contended that a probation revocation hearing is summary in nature and the strict rules of evidence for civil and criminal trials do not apply. The state cites *State v. Nettles,* 287 Or 131, 597 P2d 1243 (1979), as a basis of that argument. In *Nettles* the Supreme Court held that evidence obtained in violation of defendant's Fourth Amendment rights was admissible in a proceeding to revoke his probation. The court noted the exclusionary rule was designed to deter future unlawful police conduct. The court stated that quashing illegally obtained evidence in a probation revocation proceeding would have little deterrent affect.

■     That rationale is not applicable to the marital privilege. The purpose of the exclusion of testimony of a spouse over the objection of the other spouse is to encourage confidentiality between spouses and to prevent adverse affect on the marital relationship by pitting one spouse against the other in a judicial proceeding. The public policy of preserving the marital relationship is not dependent upon the type of judicial proceedings in which the testimony is sought to be elicited. The marriage is equally subject to injury whether the proceedings involves a trial or a probation revocation hearing. We conclude that the marital privilege is available in a probation revocation proceeding.

■     The state next argues that if the privilege is available, the defendant waived any privilege by answering questions, without objection, posed by the prosecutor on cross-examination. There is no doubt that a spouse who holds the privilege may waive it. ORS 44.040(2) provides a statutory waiver:

> "If a party to the action or proceeding voluntarily offers testimony as a witness, it is deemed a consent to the examination also of a spouse * * * on the same subject."

A person enjoying the privilege waives that privilege when on direct examination he voluntarily testifies concerning an otherwise confidential communication. *Patterson v. Skoglund,* 181 Or 167, 180 P2d 108 (1947). The waiver of the right to consent is based on the voluntary act of a spouse testifying as to a particular subject. The other spouse then may be called to testify on the same subject. The question remains whether testimony on an otherwise protected subject elicited by cross-examination is deemed consent to the testimony of the other spouse on that subject. We conclude that it is not.

■     In *Bryant v. Dukehart,* 106 Or 359, 210 P 454 (1922), the court construed Section 734, Oregon Laws, which is identical to ORS 44.040(2). In that case the

issue was whether plaintiff had waived exclusion of letters written to his wife by taking the witness stand. On direct examination he made no mention of the letters or any communication with his wife. On cross-examination he was asked about the letters. The court held that the statute in question applied only to the subject which the witness testified to on direct examination. The statute has no application, the court said, to the cross-examination of the party. It thus appears from this early construction of the statute (ORS 44.040(2)) that a party does not waive the statutory privilege when the privileged subject is opened for the first time on cross-examination. *See also Tate et al. v. Tate's Executor et als.,* 75 Va 522 (1881); *Burgess v. Sims Drug Co.,* 114 Iowa 275, 86 NW 307, 89 AS 359, 54 LRA 364 (1901); CJS, Witnesses, § 310.

■ Defendant's direct testimony did not remotely relate to any communication he had with his wife and did not touch on any subject about which his wife could offer evidence. The subject was raised for the first time by the question of the prosecutor.

■ The state further contends that because defendant did not object to the questions posed by the prosecutor he cannot complain that the subject was opened up. Defendant could have objected that the questions of the prosecutor sought to elicit testimony concerning privileged communications. *See Bryant v. Dukehart, supra.* However, we conclude that the lack of an objection is not fatal to defendant's claim of the marital privilege. Defendant did object when his wife was called as a witness.

■ The state's final argument is that any error in the admission of defendant's wife's testimony was harmless error. We disagree. The only factor the state claimed for violation by defendant of his probation was possession of a firearm contrary to a specific condition of probation. The state's evidence was that a rifle was found hidden in defendant's residence. Defendant offered evidence that the rifle belonged to

his girlfriend's uncle and that it had been hidden in the house without his knowledge. The state argues that the trial court could disbelieve the evidence presented by defendant and find the rifle in his house was in his possession.

After defendant rested, the state indicated it intended to call defendant's wife as a witness but requested a recess because she had not arrived. The state said she would testify that defendant had the rifle in his possession at the residence. The court then said:

"It is an important issue and the court will indulge at least a fifteen minute recess."

It appears that the court was attaching some significance to the wife's testimony. The court made no findings of fact and we cannot say the court based its decision on disbelief of the evidence presented by the defendant. Absent the testimony of the wife there was little evidence that he possessed the rifle. The admission of her testimony was error and was prejudicial. Defendant is entitled to a new hearing.

Reversed and remanded.